IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENZELL D. GRANT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 16-cv-0677-MJR |

ORDER ON THRESHOLD REVIEW OF
PETITION UNDER 28 U.S.C. 2255

REAGAN, Chief Judge:

In July 2014, in Case No. 14-cr-30039-MJR, Denzell Grant pled guilty to interference with commerce by robbery in violation of 18 U.S.C. 1951(a) (Count 1) and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(iii) (Count 2). The undersigned District Judge sentenced Grant in October 2014 to 180 months in prison (30 months on Count 1 plus 150 months on Count 2, the terms running consecutively), followed by three years of supervised release on each count (those terms running concurrently). Judgment was entered on October 24, 2014. No direct appeal was taken.

On June 13, 2016, Grant filed a *pro se* pleading captioned as a "Notice of Appeal" but clearly stating that Grant was petitioning for relief from his sentence based on *Johnson v. United States*, -- U.S. --, **135 S. Ct. 2251 (June 26, 2015),** which found unconstitutional the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(ii). Since such requests for relief must be presented via petition to vacate,

set aside, or correct sentence under 28 U.S.C. 2255 (not a "notice of appeal" in a closed criminal case), the undersigned directed the Clerk's Office to strike the notice of appeal from the docket of this Court, to send Grant a copy of a blank form for filing a § 2255 petition, and to notify the Seventh Circuit Court of Appeals of this Court's action.

On June 21, 2016, Grant filed in this Court a pro se petition to vacate, set aside, or correct his sentence via 28 U.S.C. 2255. That petition properly was opened in the above-captioned new civil case. By that time, however, the Court of Appeals already had docketed the notice of appeal from the October 24, 2014 judgment in the criminal case. *See* Doc. 41, reflecting that the appeal has been opened as USCA Case Number 16-2462. The undersigned believes that the pendency of the "appeal" in the closed criminal case does not divest this Court's jurisdiction or otherwise preclude this civil case (the § 2255 petition) from proceeding to threshold review.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts directs the Judge who receives a § 2255 motion to promptly examine it. If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file a response within a fixed time. Rule 8 of the Rules Governing Section 2255 Proceedings explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence. **28 U.S.C. 2255(f);** *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011).

The one-year period is triggered by the latest of four events and typically runs from "the date on which the judgment of conviction becomes final." **28 U.S.C. 2255(f)(1);** *Clay v. United States,* **537 U.S. 522, 524 (2003).** Grant's judgment became final long ago, but he implicitly relies on § 2255(f)(3), which allows a § 2255 petition to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (In *Johnson,* the high Court newly recognized a right on June 26, 2016, and that has been made retroactively applicable to cases on collateral review. *See Welch v. United States,* -- U.S. --, 136 S. Ct. 1257 (April 18, 2016)**)**).

Assuming, arguendo, that Grant's petition is timely under § 2255(f)(3), it does not automatically follow that he is entitled to relief under § 2255. For instance, it is not clear what effect his waiver of the right to collaterally attack his sentence has. In the written plea agreement he executed, in exchange for concessions by the United States, Grant waived his right to challenge his sentence under 28 U.S.C. 2255 (*see* Doc. 32 in Case No. 14-30039). The plea agreement carved out an exception, though, for a change "in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts *and that renders the defendant actually innocent of the charges covered herein*" (*Id.,* p. 9, emphasis added). The plea agreement also contained a waiver exception for "appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission" (*Id.*).

Additionally, it bears note that Grant was not sentenced under the residual clause of the ACCA which was struck down in *Johnson* -- 18 U.S.C. 924(e)(2)(B)(ii). Instead, he was sentenced (on Count 2) for violation of 18 U.S.C. 924(c)(1)(A)(iii) -- discharging a firearm in furtherance of a crime of violence.   However, the Court will allow the parties to brief whether Grant has a viable *Johnson*-based claim for § 2255 relief.  The Court will decide later whether a hearing is needed.

In accord with Administrative Order 176 of this District Court, the Federal Public Defender's Office for the Southern District of Illinois is **APPOINTED** to assist Grant on his *Johnson*-based § 2255 petition.  A copy of this Order shall be sent both to Federal Public Defender Phillip J. Kavanaugh and to Petitioner Grant.

The Court now **SETS THE FOLLOWING BRIEFING SCHEDULE**.

- By **August 31, 2016**, Petitioner's counsel shall file a **memorandum in support** of the pro se § 2255 petition (or a memorandum explaining that, in counsel's estimation, there is no non-frivolous basis on which to do so).

- By **September 30, 2016,** the United States shall file its **response.**

- By **October 31, 2016**, Petitioner's counsel (or Petitioner, *if* counsel has been relieved) may file a **reply brief** no longer than 5 pages.

IT IS SO ORDERED.

DATED June 22, 2016.

                s/ *Michael J. Reagan*
                Michael J. Reagan
                United States District Judge