IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENZELL D. GRANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-00677-MJR |
| | ) | (Related Case 14-CR-30039-MJR) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**BRIEF OF PETITIONER GRANT'S COUNSEL**
**REGARDING THE PRO SE § 2255 PETITION**

COMES NOW counsel for Petitioner Denzell D. Grant, Assistant Federal Public Defender Daniel G. Cronin, and in response to this Court's Order of June 22, 2016 (Doc. 2), respectfully submits that there is no non-frivolous basis for the relief sought in Petitioner's pro se § 2255 petition (Doc. 1).

## I. INTRODUCTION

### A. Overview

The Memorandum in Support of Mr. Grant's pro se petition crystallizes the issue before this Court: "...[H]is predicate Hobbs Act robbery offense no longer qualifies as a 'crime of violence' under either the force clause or the residual clause of 18 U.S.C. §924(c)(3)." Doc. 1-1 at 2.

Mr. Grant's arguments regarding the residual clause (Doc. 1-1 at 25 - 37) are well-taken. In addition to relying on Johnson v. United States, 135 S.Ct. 2251 (2015) (Doc. 1-1 at 1, and *passim*), he cites to United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015), *reh'g denied*. Doc. 1-1 at 1 - 2; 35 - 36). In that case, the Seventh Circuit's applied Johnson to invalidate the residual clause in 18 U.S.C. § 16(b) - a residual clause which reads virtually the same as the residual clause in 18 U.S.C. § 924(c)(3)(B).

Unfortunately, it is the related challenge to the "force" - or "elements" - clause of 18 U.S.C. § 924(c)(3)(B) upon which Mr. Grant's petition falters, for the reasons discussed at length below.

### B. Facts

On February 20, 2014, a grand jury for the Southern District of Illinois returned a two-count Indictment against Mr. Grant. *See* Indictment (Cr. Doc. 1)[1]. Those counts are summarized below:

| **United States v. Denzell D. Grant<br>Summary of Indictment in Case No. 14-CR-30039-MJR** | | | | |
|---|---|---|---|---|
| | **Crime** | **Means** | **Elaboration** | **Statute** |
| **Count 1** | Hobbs Act Robbery[2] | "...and did attempt to do so, and did knowingly commit and threaten physical violence..." | "...pointed a handgun at R.B., the clerk at the shop, demanded money from him, and by means of a firearm, threatened the clerk..." | 18 U.S.C. § 1951(a) |
| **Count 2** | Discharge of a Firearm in Furtherance of a Crime of Violence | "...did knowingly discharge a firearm in furtherance of a crime of violence..." | Crime of violence was the crime charged in Count 1 | 18 U.S.C. § 924 (c)(1)(A)(iii) |

On July 11, 2014, Mr. Grant pled guilty to both counts before the Honorable Donald G. Wilkerson, United States Magistrate Judge. *See* Minutes of Change of Plea Hearing (Cr. Doc. 20). Judge Wilkerson's Report and Recommendation on the guilty pleas (Cr. Doc. 24) was subsequently adopted by this Court. *See* Order dated July 14, 2014 (Cr. Doc. 26).

Mr. Grant's guilty pleas were pursuant to a written Plea Agreement (Cr. Doc. 22) and Stipulation of Facts (Cr. Doc. 23). That Plea Agreement provides:

---

[1]All references to "Cr. Doc." are to the Case No. 14-CR-30039-MJR.

[2]The references in Mr. Grant's pro se Memorandum in Support to being charged with conspiracy to commit a Hobbs Act robbery are in error. *See* Doc. 1-1 at 2 - 3, 11, 37; *cf.* id. at 12 ("Although Mr. [G]rant was charged with a substantive count of a violation of 18 U.S.C. §1951(a) under the Hobbs Act, it is important that he addresses both a conspiracy to commit Hobbs Act robbery [ ] as well as Hobbs Act robbery."

> **The Government agrees to recommend a sentence of not more than five (5) years' imprisonment on Count 1 of the Indictment. Based on this concession, the Defendant agrees to waive his appeal and collateral review rights, as set forth more fully in section III below.**

Plea Agreement (Cr. Doc. 22) at 6 (emphasis in original).

In turn, section III of the Plea Agreement states in relevant part:

> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, **except that if the sentence imposed is in excess of sixty (60) months on Count 1, the Defendant reserves the right to appeal the reasonableness of the sentence.** The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.
>
> 3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court of the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Plea Agreement (Cr. Doc. 22) at 9 (emphasis in original).

On October 24, 2014, Mr. Grant was sentenced by this Court to a total of 180 months of imprisonment, in addition to restitution, a special assessment, and a term of supervised release. *See, e.g.*, Minutes of Disposition (Cr. Doc. 29). The overall term of 180 months of imprisonment consisted of 30 months on Count 1, followed by 150 months on Count 2. Id.

As this Court has noted, no direct appeal was taken (*see* Doc. 2 at 1), although one was docketed - and dismissed - earlier this year. Id. at 2; *see also* Cr. Doc. 37 through 42.

## II. DISCUSSION

### A. Procedural Considerations

#### 1. Timeliness

Mr. Grant's pro se petition was filed more than one year after his judgment became final - but within one year of the Supreme Court's decisions in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2241 (June 26, 2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (April 18, 2016). *See* Doc. 1. It is respectfully submitted that his pro se petition is timely under 28 U.S.C. § 2255(f)(3).

A more difficult analysis of timeliness applies to Mr. Grant's challenge based on the Supreme Court's earlier Johnson decision: Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265 (2010) (hereinafter "Johnson I"[3]). See Doc. 1-1 at 11 - 12. Of course, that decision predates Mr. Grant's judgment becoming final by years.

To Mr. Grant's credit, his argument from Johnson I and other caselaw is bolstered (or perhaps, supplanted) by the Supreme Court's decision two days after his pro se petition was docketed: Mathis v. United States, 126 S.Ct. 2243, 2257 (June 23, 2016). This brief discusses Mathis in the context of a possible challenge to the elements clause of 18 U.S.C. § 924(c)(3)(A). It must be conceded that any argument under Johnson I and Mathis would face a challenge to timeliness, since the Matthis opinion takes pains to emphasize that there is nothing new about its holding:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct - his particular means of committing the crime - falls within the generic definition. And that rule does not change when a statute

[3] For brevity's sake, the Supreme Court's Johnson decision from 2010 is occasionally referred to in this brief as "Johnson I," while the Johnson decision by that Court in 2015 is sometimes shortened as "Johnson II."

> happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were - just the facts, which ACCA (so we have held, over and over) does not care about.

Matthis v. United States, 126 S.Ct. 2243, 2257 (2016).

If Matthis does not make new law, then any § 2255 challenge based on it on behalf of Mr. Grant may falter, on the grounds of being untimely. And any related challenge based on Johnson I arguably suffers from the same defect, since (unlike Mathis), Johnson I predates Mr. Grant's conviction and judgment becoming final.

However, any challenge to the elements clause of 18 U.S.C. § 924(c)(3)(A) would have been futile prior to Johnson II. If Mr. Grant's Hobbs Act robbery in Count 1 did not constitute a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A), then at least prior to Johnson II, it would surely have fallen within the risk of force clause in 18 U.S.C. § 924(c)(3)(B). To the extent that Johnson II and Mathis/Johnson I are opposite sides of the same coin, potential arguments based on Mathis and Johnson I should not be rejected as untimely.

**2. Waiver**

As noted above, Mr. Grant's Plea Agreement waived most of his rights to appeal and seek collateral review. Plea Agreement (Cr. Doc. 22) at 9. Undersigned counsel concedes that the plain language of that waiver seems to preclude consideration of Mr. Grant's § 2255 claims on the merits.

However, the Seventh Circuit has observed, "Our cases establish that there are at least some due process exceptions to a waiver of appellate review." United States v. Adkins, 743 F.3d 176, 192 (7th Cir. 2014), *reh'g denied*; *cert denied*, 124 S.Ct. 2864 (2014). The Seventh Circuit in Adkins added an exception for vagueness: "In sum, we hold that despite a waiver of appellate review, the Due Process Clause permits review when a special condition is so vague that no reasonable person could know what conduct is permitted and what is prohibited." Id. at 193.

The vagueness which the Seventh Circuit regarded as creating an exception to appeal waivers is the same defect in the Armed Career Criminal Act's residual clause - against which the late Justice Scalia railed for years. *See*, *e.g.*, Derby v. United States, 131 S.Ct. 2858 (2011) (Scalia, J., dissenting from denial of certiorari) ("Since our ACCA cases are incomprehensible to judges, the statute obviously does not give 'person[s] of ordinary intelligence fair notice' of its reach.") (citation omitted). This criticism became the holding in Johnson II. *See* United States v. Johnson, 135 S.Ct. 2551, 2560 (2015).

Since Mr. Grant's pro se petition is likewise premised - at least in part - on a claim of unconstitutional vagueness (to 18 U.S.C. § 924(c)(1)(B)), his Johnson II argument falls within this implicit Due Process exception to his waiver of his appeal and collateral review rights.

As with the timeliness issue addressed above, any arguments from Mathis and Johnson I complicate this analysis, because those arguments do not involve vagueness. But to the extent that the vagueness challenge to 18 U.S.C. § 924(c)(3)(B) is necessary to make any arguments under Mathis and Johnson I more than an academic exercise, it is respectfully submitted that Mr. Grant's waiver of appeal and collateral review rights does not bar this Court from considering the merits of this case.

**B. Challenges to 18 U.S.C. § 924(c)(3)**

**1. Elements Clause of 18 U.S.C. § 924(c)(3)(A)**

18 U.S.C. § 924(c)(3) provides two ways for a felony to qualify as a "crime of violence." The first way is under the elements (or "force") clause, which requires that the felony "...(A) has an element the use, attempted use, or threatened use of physical force against the person of another..." 18 U.S.C. § 924(c)(3)(A).

Whether, post-Johnson II, Hobbs Act robbery continues to fall within the force clause of 18

U.S.C. § 924(c)(1)(A) has not been decided yet by either the Supreme Court or the Seventh Circuit. Earlier this year, the District Court for the Northern District of Indiana observed,

> However, even since *Johnson* was decided in June 2015, over a dozen district courts have considered this question, and those courts have unanimously held that Hobbs Act robbery is a crime of violence under the force clause, even in light of the "fear of injury prong."

United States v. Crawford,, 2016 WL 320116, *3 (N.D. Ind. 2016) (collecting cases; footnote omitted).

This decision from the Northern District of Indiana, while in no way binding on this Court, reflects how other district courts have overwhelmingly rejected post-Johnson II arguments that Hobbs Act robberies are no longer crimes of violence under 18 U.S.C. § 924(c)(3). *See, e.g.*, Brown v. United States, 2016 WL 787450 (E.D.Va. 2016); United States v. Bailey, et al., 2016 WL 3381218 (C.D.Ca. 2016); United States v. Bennett, 2016 WL 354753 (E.D.Va. 2016); United States v. Clarke, 2016 WL 1110306 (D.Maryland 2016); United States v. Coleman, 2016 WL 1435696 (N.D. Ill. 2016); United States v. Collins, 2016 WL 1639960 (N.D.Ga. 2016); United States v. Johnson, 2016 WL 2743506 (D.Nev. 2016); United States v. McCallister, 2016 WL 3072237 (D.D.C. 2016); United States v. Monroe, 2016 WL 270316 (W.D.Penn. 2016); United States v. Pena, 2016 WL 690746 (S.D.N.Y. 2016); United States v. Quashie, 2016 WL 638052 (E.D.N.Y. 2016); United States v. Walker, 2016 WL 153088 (E.D.Va. 2016); United States v. Williams, et al., 2016 WL 1555696 (D.Maine 2016). Thus far, post-Mathis challenges have fared no better. *See, e.g.*, United States v. Enriques, 2016 WL 4273187 (D.Neb. 2016) (rejecting challenges under both Johnson II and Mathis).

There are few exceptions to this line of decisions. It is true that several district courts agree that *conspiracy* to commit a Hobbs Act robbery is not itself a "crime of violence." *See, e.g.,* United States v. Baires-Reyes, 2016 WL 3163049 (N.D.Ca. 2016); United States v. Luong, 2016 WL

1588495 (E.D.Ca. 2016); United States v. Smith, et al., 2016 WL 2901661 (D.Nev. 2016). However, the Eleventh Circuit has explained the limits of such decisions:

> After we decided that conspiracy to commit Hobbs Act robbery might not qualify as a valid companion conviction to a § 924(c) conviction after *Johnson*, we held that the substantive offense of Hobbs Act robbery still qualifies as a valid companion conviction notwithstanding *Johnson*. *See In re Saint Fleur*, ___ F.3d ___, 2016 WL 3190539, at *3-4 (11th Cir. 2016). The *Saint Fleur* panel noted the indictment charged that Mr. Saint Fleur committed Hobbs Act robbery as defined in 18 U.S.C. § 1951(b)(1) and did so "by means of actual and threatened force, violence, and fear of injury," which satisfied § 924(c)'s elements clause. *Id*. at ___.

In re: Chance, ___ F.3d ___, 2016 WL 4123844, *2 (11th Cir. August 2, 2016).

In addition to a number of district court cases and decisions from Courts of Appeals outside the Seventh Circuit, the pro se Memorandum in Support cites United States v. Gonzalez-Ruiz, 794 F.3d 832, 836 (7th Cir. 2015). *See* Doc. 1-1- at 3 and 15. As the Seventh Circuit explained in that case:

> The question in this case is whether the crime of conspiracy to commit armed robbery is a predicate violent felony under the residual clause [of the Armed Career Criminal Act].
>
> The Supreme Court's recent decision in *Johnson* forecloses application of the ACCA. *Johnson* held that the residual clause is void for vagueness and so "imposing an increased sentence under the residual clause...violates the Constitution's guarantee of due process." 135 S.Ct. at 2562. In light of *Johnson*, the government has moved to dismiss the cross-appeal. We grant that motion and affirm the judgment.

Id. (footnote ommitted).

As this language makes clear, the Seventh Circuit was not confronted in Gonzalez-Ruiz with whether a robbery fell within the elements clause of any statute or Sentencing Guideline. More pertinent to Mr. Grant's case is that the District Court for the Eastern District of Wisconsin granted a certificate of appealability on a virtually identical claim to that of Mr. Grant. Clark v. United

States, 2016 WL 845271, * 25-26 (E.D. Wis. 2016). That court added, however, "The Court believes that there is ample reason to find that Clark's *Johnson* argument is futile, and therefore, futile to add to his § 2255 motion." Id.

The most persuasive authority may be from the Second Circuit's detailed analysis this month in United States v. Hill, ___ F.3d ___, 2016 WL 4120667, *4 (2nd Cir., August 3, 2016). In Hill, the Second Circuit rejected the following challenge:

> As stated above, the term "robbery" in the Hobbs Act is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Hill does not dispute that at least two of the ways in which a Hobbs Act robbery may be accomplished (by means of "actual or threatened force" or "violence") would appear, self-evidently, to satisfy § 924(c)'s force clause (defining a crime of violence as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). He focuses instead on those Hobbs Act robberies accomplished by means of putting the victim "in fear of injury" to his person or property, arguing that such robberies can be accomplished *without* the "use, attempted use, or threatened use of physical force" so that the minimum conduct necessary to commit a Hobbs Act robbery does not include the element necessary to qualify such robberies as crimes of violence for the purpose of § 924(c)(3)(A). Hill primarily advances two arguments to support this contention. We disagree with both.

United States v. Hill, 2016 WL 4120667, *4 (emphasis in original).

Turning to the two arguments alluded to above, the Second Circuit noted,

> Hill first contends that a perpetrator could rob a victim by putting him in fear of injury to his property through non-forceful means. He offers hypotheticals such as threatening to throw paint on the victim's house...

Id. at *5. After reviewing Supreme Court and Second Circuit precedent, the Second Circuit concluded that the hypotheticals presented all involved the use or threatened use of physical force, and thus fit within the statutory definition. Id. at *6.

Continuing, the Second Circuit explained:

> Hill next contends that an individual can commit a Hobbs Act robbery without using or threatening the use of physical force by putting the victim in fear of injury through such means, *inter alia*, as threatening to withhold vital medicine from the victim or to poison him. Lacking any case in which a defendant was in fact convicted for committing a Hobbs Act robbery through such means, Hill relies principally on these hypotheticals to argue that such conduct entails an insufficient direct application of physical force to satisfy the force clause - even if it indisputably involves the threatened *indirect* application of force.

United States v. Hill, 2016 WL 4120667, *6 (emphasis in original).

The Second Circuit found a number of flaws in this argument. First, the Second Circuit stated,

> These hypotheticals are insufficient because a defendant is required to "point to his own case or other cases in which the ... courts in fact did apply the statute" in such a manner to show that there is a "realistic probability" that the Hobbs Act would reach the conduct Hill describes.

Id. at *6, quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815 (2007) (footnote omitted).

Next, the Second Circuit relied on an analogous Supreme Court decision:

> Hill argues, in effect, that placing a victim in fear of injury by threatening the indirect application of physical force is not sufficient to constitute the threatened use of physical force. Yet the Supreme Court has suggested otherwise. In [*United States v.*] *Castleman*, the Supreme Court, construing "physical force" as it is employed in connection with § 922(g)(9), made clear that physical force "encompasses even its indirect application," as when a battery is committed by administering a poison: "That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter" lest we conclude that pulling the trigger on a gun involves no use of force "because it is the bullet, not the trigger, that actually strikes the victim." ... Hill offers no persuasive reason why the same principle should not apply to the construction of § 924(c)(3)...

United States v. Hill, 2016 WL 4120667, *6, quoting United States v. Castleman, ___ U.S. ___, 134 S.Ct. 1405 (2014) (footnote omitted).

For these reasons, it appears that any claim that a Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) is a forlorn hope, since even the "fear of injury" prong does not allow a successful challenge based on Mathis.

**2. Residual Clause of 18 U.S.C. § 924(c)(3)(B)**

In contrast to his arguments regarding the force or elements clause of § 924(c)(3)(A), Mr. Grant is on surer footing in challenging the residual clause of § 924(c)(3)(B). For example, in an order allowing a successive § 2255 petition, the Seventh Circuit explained earlier this year:

> The government concedes Ruiz's ability to make a prima facie showing that his convictions were based on the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), which is similar to the residual clause of the Armed Career Criminal Act. The government argues, though that § 924(c)(3)(B) differs enough from the ACCA's residual clause that it was not invalidated by *Johnson*. But that subsection is identical to 18 U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*. *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

*See* Attachment 1, Ruiz v. United States, No. 16-1193 (7th Cir. February 19, 2016) at 1 - 2.

Along those same lines, the Eleventh Circuit granted leave to file a successive § 2255 petition to allow a Johnson II challenge to the residual clause in § 924(c)(3)(B). *See* In re Pinder, 824 F.3d 977, 978-89 (11th Cir. 2016).

Unfortunately, because Mr. Grant's Hobbs Act robbery in Count 1 remains a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), a successful attack on § 924(c)(3)(B) can offer, at best, a hollow victory. On this basis, the District Court for the Eastern District of Wisconsin refused to consider a Johnson II argument against 18 U.S.C. § 924(c)(3)(B), when it adopted a magistrate judge's recommendation:

> Judge Jones found, and this court agrees, that the Hobbs Act robbery charged in this case constituted a "crime of violence" under the definition provided in § 924(c)(3)(A); thus, the court need not consider the constitutionality of the definition of "crime of violence" provided in § 924(c)(3)(B).

United States v. Wheeler, 2016 WL 799250, *1 (E.D. Wis. 2016).

Should this Court consider a vagueness challenge to § 924(c)(3)(B), it is respectfully submitted

that the Seventh Circuit's decision in United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015), *reh'g denied,* cited in Ruiz, *supra*[4], should control. In Vivas-Ceja, the Seventh Circuit held, "Applying *Johnson's* reasoning here, we conclude that [18 U.S.C.] § 16(b) is unconstitutionally vague."

Indeed, the Second Circuit's decision in Hill, quoted at length *supra*, acknowledges the implications of Vivas-Ceja - while disagreeing with it and similar decisions from three other circuits:

> We note that four other circuits - the Fifth, Sixth, Seventh, and Ninth - have considered the language in 18 U.S.C. § 16(b), which appears materially the same as that in § 924(c)(3)(B), and have determined that § 16(b) is void for vagueness after *Johnson*. *Shuti v. Lynch*, ___ F.3d ___, 2016 WL 3632539 (6th Cir. July 7, 2016); *United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cri. 2016), *en banc rehearing granted*, 815 F.3d 189 (5th Cir. 2016) (mem.); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

United States v. Hill, 2016 WL 4120667, *11. However, the Second Circuit expressed three disagreements with these decisions:

> First, each underestimates - or misunderstands - the significance of the list of enumerated offenses in the ACCA's residual clause to the decision in *Johnson II*, in part by failing to engage with the precedent that preceded, and informed, that decision. Second, these cases either ignore or minimize the other textual distinctions between the residual clause and the language of 16(b). Finally, each case dismisses the significance of the Supreme Court's fraught precedent interpreting the ACCA's residual clause...

Id. (footnotes omitted).

Elaborating, the Second Circuit rejected comparisons to the Armed Career Criminal Act:

> First, and most obviously, the risk-of-force clause contains no mystifying list of offenses and no indeterminate "otherwise" phraseology - a defining feature of the ACCA's residual clause that, in Johnson II, was understood to add an additional layer of uncertainty as to "how much risk it takes for a crime to qualify as a violent felony."

---

[4]As noted in the "Overview" of this Response, Mr. Grant's pro se Memorandum in Support also cites extensively to the Vivas-Ceja decision.

United States v. Hill, ___ F.3d ___, 2016 WL 4120667, *9, quoting Johnson at 2558.

The Second Circuit also emphasized the view that the text of the risk of force clause is much narrower than the residual clause of the Armed Career Criminal Act:

> Moreover, even if the list of enumerated offenses is not alone sufficient to distinguish the residual clause in *Johnson II* from the risk-of-force clause at issue here (a conclusion which would ignore the Court's fraught history with the residual clause), the text of the risk-of-force clause differs in additional, material ways. The ACCA's residual clause defines crimes as violent felonies if they, inter alia, "present[ ] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This terminology is materially different from that in the risk-of-force clause, which defines predicate crimes as those that by their "nature[ ] involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Both the Supreme Court and this Court have noted that the language in the latter provision is both narrower *and* easier to construe.

United States v. Hill, 2016 WL 4120667, *10 (emphasis in original; caselaw citations omitted). To bolster that point, the Second Circuit added,

> As the Sixth Circuit recently recognized, while "the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the [residual] clause, ... no such history has occurred with respect to § 924(c)(3)(B)."

Id., quoting United States v. Taylor, 814 F.3d 340, 376 (6th Cir. May 9, 2016), *reh'g denied*.

Moreover, in Taylor, the Sixth Circuit added a rebuttal based on the limits explicitly made to Johnson II's holding:

> Finally, the *Johnson* opinion itself stressed that its reasoning did not control other statutes that refer to predicate crimes. The *Johnson* majority addressed at some length the argument that the holding in that case would place in doubt "dozens of federal and state criminal law[, like § 924(c)(3)(B), that] use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.' *Id*. at 2561. The Court gave two reasons why that was not the case, and one of them directly distinguishes § 924(c)(3)(B):
>
> > Almost none of the cited laws links a phrase such as "substantial risk" to a confusing list of examples. "The phrase 'shades of red,' standing alone, does not generate confusion or unpredicatability;

> but the phrase 'fire-engine red, light pink, maroon, *navy blue*, or colors that otherwise involve shades of red' assuredly does so." *James v. United States*, 550 U.S. 192, 230, n. 7, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (Scalia, J., dissenting).
>
> *Johnson*, 135 S.Ct. at 2561. Unlike the ACCA's residual clause, however, § 924(c)(3)(B) does not include "a confusing list of examples."

United States v. Taylor, 814 F.3d at 378 (bracketed material original to Taylor; emphasis on "navy blue" original to Justice Scalia's dissent in James v. United States).

While acknowledging these points from the Second and Sixth Circuits, it is respectfully submitted that a comparison of the residual clause struck down by the Seventh Circuit in Vivas-Ceja and the residual clause at issue in Mr. Grant's case calls for § 924(c)(3)(B) to be treated the same as § 16(b):

| **Comparison of Residual Clauses** | |
|---|---|
| **18 U.S.C. § 16(b)** | **18 U.S.C. § 924(c)(3)(B)** |
| **"...(b) any other offense that is a felony and that, but its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."** | **"...(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."** |

**III. CONCLUSION**

Although the Hobbs Act robbery upon which Mr. Grant's 18 U.S.C. § 924(c)(1) conviction was based was of a convenience store, not a bank, his § 2255 petition ultimately fails for the same reasons given earlier this Summer by the Eleventh Circuit:

> As noted, *Johnson* rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of crime of violence found in § 924(c)(3). Further, our Court has not even held that *Johnson* invalidates § 924(c)(3)(B). However, even were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion

> Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

In re: Hines, ___ F.3d ___, 2016 WL 3189822, *2 (11th Cir. June 8, 2016) (footnotes omitted).

Respectfully submitted,

*/s/* Daniel G. Cronin

DANIEL G. CRONIN
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR PETITIONER
DENZELL D. GRANT

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 29, 2016, he provided a copy of this document to:

Angela Scott
Assistant United States Attorney
9 Executive Drive, Suite 300
Fairview Heights, Illinois 62208

via electronic filing with the Clerk of the Court using the CM/ECF system.

*/s/* Daniel G. Cronin
DANIEL G. CRONIN