**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DENZELL D. GRANT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-0677-MJR** |
| | ) | **(Related Case 14-CR-30039-MJR)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER DENYING *JOHNSON*-BASED PETITION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. 2255**

**REAGAN, Chief Judge:**

**A.**     <u>**Introduction**</u>

In his underlying criminal case (Case No. 14-cr-30039-MJR), Denzell Grant pled guilty to interference with commerce by robbery in violation of 18 U.S.C. 1951(a) (Count 1, sometimes referred to as "Hobbs Act robbery") and discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(iii) (Count 2). The undersigned sentenced Grant to 180 total months in prison (150 months on Count 2 running consecutively to 30 months on Count 1), plus three years of supervised release. Judgment was entered on October 24, 2014.

On June 21, 2016, Grant filed a pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 petition, along with a 40-page supporting memorandum. The petition was based on the United States Supreme Court's 2015 decision in ***Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015).** *Johnson* declared unconstitutional a portion of a federal statute -- the residual clause of the Armed Career Criminal Act

("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii). The Supreme Court held that the residual clause of ACCA violates the United States Constitution's guarantee of due process by being so vaguely worded as to not give ordinary people fair notice of the conduct it punishes. Grant claims that this ruling supports his request for relief under 28 U.S.C. 2255.

On threshold review of Grant's petition, the undersigned set a briefing schedule and appointed counsel to assist Grant in pursuing any relief he may be entitled to under *Johnson*. In that Order, the Court noted several potential obstacles to § 2255 relief, if the petition was timely. First, Grant was not sentenced under the residual clause of the ACCA that was struck down in *Johnson --* 18 U.S.C. 924(e)(2)(B)(ii). Instead, he was sentenced for violation of 18 U.S.C. 1951(a) (on Count 1, Hobbs Act robbery) and 18 U.S.C. 924(c)(1)(A)(iii) (on Count 2, discharging a firearm in furtherance of a crime of violence). So (especially at the time of this Court's threshold review Order), the application of *Johnson* beyond ACCA-based sentences was unclear. Second, in a written plea agreement, Grant had waived the right to challenge his sentence under 28 U.S.C. 2255, with two exceptions that did not appear to apply.

On August 29, 2016, Grant's counsel (Assistant Federal Public Defender Daniel Cronin) filed a detailed memorandum addressing the concerns raised by the Court and explaining his reasons for concluding that "there is no non-frivolous basis for the relief sought in Petitioner's pro se § 2255 petition" (Doc. 5, p. 1). Cronin argues that Grant's petition was timely filed. As to Grant's waiver of the right to collateral review, Cronin offers a potential basis on which to sidestep the waiver which Grant executed, but he

essentially concedes that the plain language of the waiver "seems to preclude consideration of Mr. Grant's § 2255 claims on the merits" (Doc. 5, p. 5).

If Grant's petition is not barred by the § 2255 waiver, *and* assuming that *Johnson* extends to the residual clause Grant cites to (18 U.S.C. 924(c)(3)(B)), another impediment to relief exists.  18 U.S.C. 924(c)(3) defines the term "crime of violence" to mean a felony offense that either (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  **18 U.S.C. 924(c)(3).**  Cronin asserts that Grant's Hobbs Act robbery may no longer qualify as a crime of violence under the residual-like clause of § 924(c)(3)(B) (as Grant argues), but that offense would still qualify as a crime of violence under the elements or "force" clause of § 924(c)(3)(A).  For all these reasons, Mr. Cronin was compelled to opine that there is no solid basis on which this Court can award the relief sought in Grant's § 22255 petition.

The United States (the Government) responded on October 7, 2016 (*see* Doc. 8). Grant filed two replies (*see* Docs. 7 and 9).  The issues have been thoroughly discussed, and the matter was fully ripe as of November 9, 2016.  For the reasons stated below, the Court dismisses Grant's petition.

**B.**   <u>**Preliminary Issues**</u>

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted.  Not every petition warrants a hearing.  ***Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016).  *See also***

*Martin v. United States,* **789 F.3d 703, 706 (7th Cir. 2015) ("It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases," such as where the record conclusively shows the prisoner is not entitled to relief.);** *Kafo v. United States,* **467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, petition must be accompanied by a detailed affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions).** The record before this Court conclusively reveals that Grant is not entitled to relief, so no hearing is needed.

Next, the Court addresses whether Grant's petition was timely filed. It was. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255. **28 U.S.C. 2255(f);** *Purvis v. United States,* **662 F.3d 939, 942 (7th Cir. 2011).** *Accord Clay v. United States,* **537 U.S. 522, 524 (2003) ("A motion by a federal prisoner … under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'").**

The one-year limitation period is triggered by the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).**  The statute does not provide for extensions of time.[1]

Grant filed his petition on June 21, 2016 -- within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in ***Johnson***, which has been declared retroactively applicable to cases on collateral review.  ***Welch v. United States*, -- U.S. --, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is … a substantive decision and so has retroactive effect … in cases on collateral review."); *Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review).**  The Court treats the petition as timely-filed.

**C.**    **Analysis**

**(1)    OVERVIEW**

Analysis starts with the proposition that relief under § 2255 is limited.  It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  ***Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).  *Accord United States v. Coleman,* 763 F.3d 706, 708 (7th Cir. 2014).**

Grant vehemently asserts that there has been an error of constitutional proportion here.  He insists that, after ***Johnson***, his Hobbs Act robbery conviction no

---

[1]        The limitation period is not jurisdictional and can be equitably tolled.  ***Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016),** *citing Holland v. Florida,* 560 U.S. 631, 645 (2010).  But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" which prevented him from filing the petition on time.  ***Id., quoting Socha v. Boughton,* 763 F.3d 674, 684 (7th Cir. 2014).  *Accord Nolan v. United States,* 358 F.3d 480, 484 (7th Cir. 2004).**

longer qualifies as a crime of violence, so his "§ 924(c) conviction cannot stand" (Doc. 7, p. 5), and the Court must enter a "judgment of acquittal" on that count (Doc. 9, p. 4). The essence of Grant's argument is that the residual clause of 18 U.S.C. 924(c)(3)(B) is materially the same as the residual clause of ACCA struck down in *Johnson*, so the residual clause of 924(c)(3)(B) is unconstitutionally vague, and his conviction and sentence under the latter are invalid.

**(2)   WAIVER OF RIGHT TO FILE 2255 PETITION**

Before reaching the merits of this argument, the Court must confront an obvious procedural impediment – Grant waived the right to collaterally challenge his sentence pursuant to 28 U.S.C. 2255.[2]  In July 2014, Grant executed a written plea agreement in which he acknowledged that he had rights to contest his sentence under Title 18 and Title 28, as well as certain appeal rights.  The plea agreement then stated (Doc. 8-2; bold in original, italics added here):

> The Government agrees to recommend a sentence of not more than five (5) years imprisonment on Count 1 of the Indictment.  Based on this concession, the Defendant agrees to waive his appeal and collateral review rights….

> However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under … Title 28, or under any other provision of federal law, **except that if the sentence imposed is in excess of sixty (60) months' on Count 1, the Defendant reserves the right to appeal the reasonableness of the sentence….**

---

[2]      The plea agreement and stipulation of facts from the criminal case are exhibits in this civil proceeding, at Docs. 8-2 and 8-3.

> Defendant's waiver of his right to … bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts *and that renders the defendant actually innocent of the charges covered herein;* and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10).

Cronin offers one possible basis on which to circumvent the waiver – an implicit due process-based exception to the waiver (*see* Doc. 5, pp. 5-6). Petitioner Grant adopts this argument (Doc. 9, pp. 1-2). The Court finds it unavailing. The Court concludes that the waiver, which was knowingly and voluntarily executed (Grant does not claim otherwise, nor would the record support such a claim), dooms Grant's § 2255 petition.

Clearly, a defendant can waive his right to collateral review as part of a plea agreement. ***See, e.g., Solano v. United States,* 812 F.3d 573, 577 (7th Cir. 2016) ("As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. 2255.").** Such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claimed ineffective assistance of counsel in connection with negotiation of the plea agreement. ***Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011),** *citing Jones v. United States,* **167 F.3d 1142, 1144-45 (7th Cir. 1999);** *Gaylord v. United States,* **829 F.3d 500, 505 (7th Cir. 2016).** None of these exceptions applies here.

Grant's plea agreement explicitly left one door to collateral review open. The agreement says the waiver of the right to bring a collateral challenge does *not* apply to

any subsequent change in the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that was declared retroactive by those Courts *and* that rendered Grant actually innocent of the charges.

Any reliance on this provision would be misplaced, because ***Johnson*** did *not* render Grant actually innocent of the charges he pled guilty to – Hobbs Act robbery and discharge of a firearm in furtherance of a crime of violence.  Nothing about the holding of ***Johnson*** altered the elements of or heightened the proof required for conviction under these statutes.[3]  The undersigned finds the § 2255 waiver enforceable.  That waiver precludes the relief Grant seeks.  If the Court could bypass the waiver, Grant's petition would fail on the merits.

### (3)    MERITS OF 2255 PETITION

The Government maintains that Grant's convictions are for crimes not impacted by ***Johnson***, as ***Johnson*** involved ACCA, and Grant was not sentenced under ACCA. Post-***Johnson*** caselaw in this Circuit reveals weakness in this argument, as sentencing provisions other than ACCA's residual clause have been found void based on the rationale of ***Johnson***.  So the Court (again assuming, *arguendo*, that the waiver provision did not bar this collateral challenge) addresses Grant's argument head-on.

18 U.S.C. 924(c)(1)(A) provides in part that any person who "during and in relation to any crime of violence … uses or carries a firearm …, shall, in addition to the

---

[3]    ***Johnson*** stands in contrast to ***Flores-Figueroa v. United States***, **556 U.S. 646, 657 (2009)**, which changed the proof required for conviction under the aggravated identity theft statute.  In ***Flores-Figueroa***, an element of the offense of conviction was changed by the Supreme Court's opinion, resulting in the defendant being *actually innocent* of the charge.  ***Johnson*** did not render Grant innocent of the charges he pled guilty to in this Court.

punishment provide for such crime of violence" be sentenced to a term of imprisonment of not less than five years.  The sentence jumps to not less than ten years if the firearm is discharged.  **18 U.S.C. 924(c)(1)(A)(iii).[4]**  The merits-based question is whether Grant's Hobbs Act robbery conviction is still a "crime of violence" post-*Johnson*.

There are two ways a felony offense qualifies as a "crime of violence" under 18 U.S.C. 924(c)(3) -- the offense (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  **18 U.S.C. 924(c)(3).** Provision (A) is referred to as the "force" or "elements" clause; provision (B) has been called the residual clause.

 Grant points out that *Johnson* sweeps farther than the Government's crabbed interpretation, and he argues that the residual clause of § 924(c)(3)(B) is every bit as vague as the ACCA residual clause declared unconstitutional in *Johnson*.  Indeed, the Seventh Circuit has expanded *Johnson* to strike down residual clauses in laws other than ACCA.  ***See, e.g., United States v. Vivas-Ceja,* 808 F.3d 719, 721 (7ᵗʰ Cir. 2015) (finding residual clause of 18 U.S.C. 16(b) invalid for the same reason ACCA's**

---

[4]        Grant was convicted of Hobbs Act robbery under 18 U.S.C. 1951(a) (Count 1) and discharge of a firearm in furtherance of a crime of violence under 18 U.S.C. 924(c)(1)(A)(iii) (Count 2).   The presentence investigation report (PSR, Doc. 27 in the underlying criminal case) explained as to Count 2 that U.S.S.G. 2K2.4 directs that if a defendant (whether or not convicted of another crime) is convicted under § 924(c), the term of imprisonment is that required by statute (here, since the firearm was charged in relation to Count 1, the penalty is not less than 10 years, running consecutively to Count 1).

residual clause was invalidated)[5]; and *United States v. Hurlburt,* 835 F.3d 715 (7th Cir. 2016) (finding residual clause in § 4B1.2(a)(1) of the U.S. Sentencing Guidelines unconstitutionally vague).[6]   Moreover, just eight weeks ago, the Seventh Circuit addressed the validity of the residual clause of § 924(c)(3).

In *United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. Nov. 18, 2016), the Seventh Circuit held that the residual clause of 18 U.S.C. 924(c)(3)(B) is "virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague" and is likewise unconstitutionally vague.   So Grant's Hobbs Act robbery conviction *does not count* as a crime of violence under **§ 924(c)(3)(B)**.   The problem for Grant is that his Hobbs Act robbery conviction still constitutes a crime of violence under **§ 924(c)(3)(A)** -- the elements or force clause of 924(c)(3).

That clause, untouched by *Johnson* and its progeny, provides that a felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   To date, the United States Supreme Court and Seventh Circuit have not squarely decided whether a Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). However, over a dozen district courts and at least two federal courts of appeal have

---

[5]      The United States Supreme Court has granted review in a case presenting the question whether *Johnson* extends to the residual clause in 18 U.S.C. § 16(b). *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015), *cert. granted,* -- U.S. --, 137 S. Ct. 31 (Sept, 29, 2016).  *See United States v. Armour,* 840 F.3d 904, 912 (7th Cir. 2016).

[6]      It bears note that, to date, this holding (the extension of *Johnson* to the U.S.S.G. 4B1.2(a)(2)) has not been declared to apply retroactively to cases on collateral review.   The Supreme Court is expected to decide that question in *Beckles v. United States,* 616 F. App'x 415 (11th Cir. 2015), *cert. granted,* -- U.S. --, 136 S. Ct. 2510 (June 27, 2016).

tackled the issue, all answering the question affirmatively, and the Seventh Circuit has hinted as much (*see* footnote 7, below).

The district court cases are summarized in the Northern District of Indiana's decision in ***United States v. Crawford, -- Fed. Supp. 3d --, 2016 WL 320116, at \*3 (N.D. Ind. 2016)***, which also concludes that Hobbs Act robbery is a crime of violence under 18 U.S.C. 924(c)(3)(A).  Furthermore, in ***United States v. Hill,* 832 F.3d 135 (2nd Cir. 2016)**, the Court of Appeals for the Second Circuit held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3).

Section 924(c)(3)(A) defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Grant was convicted of was Hobbs Act robbery, a violation of 18 U.S.C. 1951.  Section 1951(b)(1) defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property…."

In *Hill*, the defendant argued that Hobbs Act robbery was not a crime of violence under 18 U.S.C. 924(c)(3), because it was possible to commit Hobbs Act robbery *without* satisfying § 924(c)'s force clause – i.e., by merely putting the victim in fear of injury as opposed to actually using (or threatening to use) force or violence.  The Second Circuit soundly rejected this argument:

> In *Castleman*, the Supreme Court, construing "physical force" as it is employed in connection with § 922(g)(9), made clear that physical force "encompasses even its indirect application," as when a battery is

committed by administering a poison: "That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter" lest we conclude that pulling the trigger on a gun involves no use of force "because it is the bullet, not the trigger, that actually strikes the victim." 134 S. Ct. at 1414–15. Hill offers no persuasive reason why the same principle should not apply to the construction of § 924(c)(3), so that, as regarding the Hobbs Act, a robbery still has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," notwithstanding that it is accomplished by threatening to poison a victim, rather than to shoot him.  Some threats do not require specification of any particular means in order to be effective; yet they still threaten *some* type of violence and the application of *some* force. Consider: "That's a nice car—would you like to be able to continue driving it?"

….

In sum, we agree with the Ninth Circuit, … that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

**Hill, 832 F.3d at 143-44, *citing United States v. Castleman,* -- U.S. --, 134 S. Ct. 1405, 1417 (2014)(Scalia J., concurring), and *United States v. Howard,* 650 F. App'x 466, 468 (9th Cir. 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause). [7]**  The Second Circuit reached this conclusion after applying an analytical framework known as "the categorical approach."  A bit of background on this approach is helpful to understand why the undersigned does not apply it here.

To determine whether a conviction qualifies as a crime of violence for sentencing purposes, federal courts usually apply the categorical approach, under which they ask only whether the elements of the offense forming the basis of the prior conviction sufficiently match the elements of the generic or commonly understood version of that

---

[7]    Additionally, the Seventh Circuit (when denying applications for leave to file a second or successive § 2255 petition) has suggested that Hobbs Act robbery counts as a crime of violence under § 924(c)(3)(A)'s force or elements clause.  *See, e.g., Rimpson v. United States,* No. 16-2304 at 1-2 (7th Cir. June 28, 2016); *Scott v. United States,* No. 16-1630 at 1-2 (7th Cir. April 8, 2016).

crime. *See Taylor v. United States,* **495 U.S. 575, 599-600 (1990).** In this process, the court examines the legal elements of the crime, not the specific conduct of a particular defendant on a certain day. *Begay v. United States,* **553 U.S. 137 (2008).**

The court compares two things – the judgment and the statute of conviction – to determine whether the elements of the prior offense are the kind that make the offense a violent crime. *See United States v. Ker Yang,* **799 F.3d 750, 752 (7ᵗʰ Cir. 2015),** *citing United States v. Woods,* **576 F.3d 400, 403 (7ᵗʰ Cir. 2009).** *Accord Descamps v. United States,* **-- U.S. --, 133 S. Ct. 2276 (2013).** *See also Mathis v. United States,* **-- U.S. --, 136 S. Ct. 2243 (2016).** As long as the elements of the prior crime are the same as or narrower than the generic offense, the prior crime counts as a predicate for sentencing purposes. *See, e.g., Taylor,* **495 U.S. at 599 (if the state statute is narrower than the generic view, "there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of" the generic offense).**

The inquiry is simple if the statute defines a crime with one indivisible set of elements. "The court then lines up that crime's elements alongside those of the generic offense and sees if they match." *Mathis,* **136 S. Ct. at 2248.** The task is more difficult when the statute lists the elements in the alternative and thereby defines multiple crimes. *Id.* **at 2249.** In that situation, confronted with a "divisible" statute, the court may follow the *modified* categorical approach and consult a limited class of documents (e.g., indictment, jury instructions, plea agreement and colloquy) "to determine what

crime, with what elements, a defendant was convicted of," and compare that crime with the relevant generic offense. *Id., citing Shepard v. United States,* 544 U.S. 13, 26 (2005).[8]

The task is even harder if the statute lists alternative *means* of satisfying one of its elements. That was the type of statute under review in *Mathis.* In that case, the defendant received a 15-year sentence enhancement in federal court based on his prior convictions under Iowa's burglary statute. The generic offense of burglary has the following elements: unlawful entry into a building or other structure with the intent to commit a crime. The Iowa burglary statute covered not just buildings or structures but also vehicles, meaning there was more than one way to fulfill a single element of the Iowa burglary law. The Supreme Court found that the Iowa statute set out disjunctive means or "factual scenarios" of committing the crime of burglary, not alternative *elements* of conviction. This meant the Iowa law was *not* divisible. Reliance on a conviction under this kind of statute is problematic, because a jury need not necessarily make specific findings at trial to obtain a conviction for (or a defendant make specific admissions in pleading guilty to) such a crime. *Mathis,* 136 S. Ct. at 2249.

Since the Iowa statute was not divisible, the sentencing judge was not allowed to inspect records of the prior convictions and determine whether the defendant had burgled structures (which would match generic burglary) as opposed to vehicles (which

---

[8] A state law forbidding the lawful entry *or unlawful* entry of a premise with intent to steal would create two different offenses, one more serious than the other. A defendant's conviction under that law would "match" generic burglary and qualify as an ACCA predicate if he was convicted of *unlawful* entry but not *lawful* entry, so the court could look at the *Shepard* documents to see what the defendant was actually convicted of – which elements were integral to his conviction – and whether those matched generic burglary. *Mathis,* 136 S. Ct. at 2249.

would not match generic burglary).   The sentencing judge had to stick with the categorical approach and ask whether the *elements* of Iowa burglary were the same as (or narrower than) those of the generic offense of burglary.   They were not.   The elements of Iowa's burglary statute were broader than the elements of the generic offense of burglary, so a prior conviction for burglary in Iowa could not be counted as an ACCA violent felony predicate.  ***Id.*, 136 S. Ct. at 2251.**

*Mathis* involved sentence enhancement under ACCA.   In September 2016, the Seventh Circuit applied *Mathis* in the context of sentence enhancement under the Guidelines.   In ***United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016),** the Seventh Circuit scrutinized whether a Wisconsin burglary statute was divisible such that the sentencing judge could consult the state court charging documents to decide whether a prior conviction was a crime of violence under the Guidelines.   The Court ultimately found that the Wisconsin law was *not* divisible.   It identified two different means of committing a single crime (burglary) as opposed to listing alternative elements that create multiple, distinct offenses.

The Court explained (***id.* at 834-35, emphasis added**):

The concept of divisibility is an outgrowth of the categorical approach that governs the crime-of-violence determination under the Sentencing Guidelines…. The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense….
**If the statutory definition is the same as (or narrower than) the Guidelines definition, the prior conviction can be counted as a crime of violence…. [i]f a statute defines an offense more broadly than the Guidelines, the prior conviction doesn't count**…. Consequently, in most cases the sentencing judge's inquiry is limited to "the fact of conviction and the statutory definition of the prior offense." *Taylor,* 495 U.S. at 602….

> We say 'most cases' because the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases…. This occurs when a statute is "divisible"….
>
> Until recently, the circuits were split regarding what qualifies as a divisible statute….    The Supreme Court resolved the split in *Mathis*, holding that a statute is divisible only if it creates multiple offenses by listing one or more alternative *elements*…. A statute that defines a single offense with alternative *means* of satisfying a particular element is indivisible and therefore not subject to the modified categorical approach.

In **Edwards**, the Seventh Circuit emphasized that "recourse to state-court charging documents was improper," because the statute was not divisible, it only set forth alternative means of satisfying one element (the location element) of the state burglary offense.  **Id, 836 F.3d at 833.**  Sticking with the categorical approach, the Seventh Circuit found that the elements of the crime of conviction were broader than "the elements of the Guidelines offense so the defendants' burglary convictions cannot serve as predicate offenses under § 2K2.1(a)."  **Id. at 6.**

Turning back to the case *sub judice*, the conviction of Grant's under scrutiny is his conviction for Hobbs Act robbery.  The Hobbs Act is violated when a person "in any way or degree obstructs, delays, or affects commerce … by robbery or extortion … or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."  **18 U.S.C. 1951(a).**  The statute goes on to define *robbery* as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

**18 U.S.C. 1951(b)(1).**

Since the Hobbs Act can be violated two separate ways – robbery or extortion (both of which obstruct commerce but are different offenses) – arguably it is a divisible statute.   Counsel did not brief (and the undersigned need not delve into application of) the categorical or modified categorical approach here, because there is a key distinction between the statutes underlying Grant's convictions and the statutes at play in the cases involving these approaches.

ACCA and similar provisions are sentencing *enhancement* statutes, so a reviewing court on a § 2255 petition assesses whether the defendant's prior convictions (often felonies under state law) are crimes of violence that support sentence enhancement. The Seventh Circuit recently stressed that whereas ACCA is a sentence-enhancement statute based on prior convictions for violent felonies, "§ 924(c) is not.   It defines a stand-alone crime" – a particular crime of violence (or drug trafficking crime) committed with a firearm. ***Davila v. United States,* -- F.3d --, 2016 WL 7217582, at \*1 (7th Cir. Dec. 13, 2016).**   The district court need not apply an analytical approach to determine if the defendant was convicted of a "crime of violence" where the conviction at issue is the offense the defendant was convicted of in that federal court (i.e., the offense of conviction itself) as opposed to a prior conviction under a state statute.[9]

---

[9]       In *Davila*, the Seventh Circuit pointed out:   "When stating the factual basis of his plea, Davila admitted to a substantive … offense that made him eligible for conviction under § 924(c), no matter how the Hobbs Act conspiracy is best classified…." ***Id.,* at \*1.**

In a case with facts parallel to those at bar (and in which the defendant sought to set aside his conviction on the ground that his Hobbs Act robbery conviction no longer was a crime of violence as required for conviction under § 924(c)), Chief Judge Simon of the Northern District of Indiana explained:

> unlike § 924(e), which is a sentencing-enhancement statute based on *prior convictions* for violent felonies, a § 924(c) charge is a 'stand-alone crime' that *itself* alleges the particular crime of violence … committed with a firearm….
>
> Mr. James admitted at his plea hearing that he stormed the gas station armed with a gun and brandished it while robbing the place…. Mr. James plainly committed a violent crime that involved the use of actual and threatened force, as well as fear of injury, when he robbed the gas station. … The facts … established by stipulation clearly meet the elements prong of § 924(c)(3)(A), because the Hobbs Act robbery that was actually committed by Mr. James involved the unlawful taking of personal property by means of actual and threatened force, violence and fear of immediate personal injury…. [T]he crime of violence is an element of the § 924(c) charge of which James was convicted, [and] the proof of the elements of that underlying crime was before me at Mr. James' plea hearing and sentencing….

*United States v. James,* -- Fed. Supp. 3d --, 2016 WL 7475657, at *2 (N.D. Ind. Dec. 29, 2016), *citing Davila,* 2016 WL 7217582, at *1-2.

Similarly, Denzell Grant was convicted of Hobbs Act robbery (in violation of 18 U.S.C 1951(a)) and discharge of a firearm in furtherance of a crime of violence (in violation of 18 U.S.C. 924(c)(1)(A)(iii)). When Grant entered his guilty plea, he admitted to attempting to commit a robbery as defined in 18 U.S.C. 1951 at Max's One Stop, specifically by attempting to unlawfully take and obtain personal property consisting of United States currency from the person of another "by means of actual and threatened

force, violence and fear of immediate injury to the person of R.B."   Doc. 8-3, p. 2.[10] Without question, Grant's Hobbs Act robbery had as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus met the definition of a crime of violence under the force clause of § 924(c)(3)(A) -- a clause which remains on sound footing in the wake of *Johnson, Cardena,* and other cases striking down residual clauses.[11]   ***See In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (defendant pled guilty to using, carrying, and discharging a firearm during a Hobbs Act robbery, "which robbery offense meets the use-of-force clause of the definition of crime of violence under § 924(c)(3)(A)").**   Therefore, if the Court could reach the merits of Grant's petition, the undersigned would deny the requested relief.

**D.**   **Conclusion**

In ***United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016),** the Seventh Circuit enforced an appeal waiver in a plea agreement and refused to reach the question of whether the defendant's Hobbs Act robbery conviction was a crime of violence under 18 U.S.C. 924(j).   The Court reiterated its "longstanding precedent that appeal waivers are generally enforceable," discussed the substantial benefits criminal defendants receive in exchange for such waivers, and held that the defendant had expressly waived

---

[10]   Grant further admitted knowingly possessing and brandishing a Taurus .380 caliber pistol which discharged (in a struggle over the weapon between Grant and a store clerk) during the commission of the offense, in furtherance of a crime of violence for which he may be prosecuted (i.e., the Hobbs Act robbery). Doc. 8-3, pp. 2-3.   He also admitted that the discharge of the weapon injured R.B.'s left hand and struck Grant in the right arm.   Doc. 8-3, p. 1.

[11]   Grant's appointed counsel reached the same conclusion, candidly positing (Doc. 5, p. 10) that any claim that a Hobbs Act robbery is not a 'crime of violence' under § 924(c)(3)(A) is "a forlorn hope."

his right to appeal his conviction and sentence, and that waiver precluded an appeal. *Id.* **at 555-56.** Likewise here, the undersigned concludes that Grant's waiver of the right to pursue a collateral challenge forecloses this collateral attack via § 2255 petition.

Grant does not contend that his guilty plea, his stipulation, or his execution of the waiver was involuntary. He does not identify any defect in his Rule 11 plea colloquy. He does not challenge the jurisdiction of this Court to sentence him, and his sentence did not exceed a relevant statutory maximum.

Grant's plea (including the waiver provision) was knowing and voluntary. The Government made significant concessions in exchange, including agreeing to recommend no more than a five-year sentence on Count 1 (despite the fact that Grant robbed a convenience store with a loaded firearm that he held to the head of the clerk while demanding money, a firearm that discharged during a struggle for the weapon between Grant and the clerk).

The Court enforces the § 2255 waiver Grant executed. That waiver bars Grant's § 2255 petition. The petition is hereby **DISMISSED**. If the waiver somehow could be overlooked such that the Court could reach the merits of the petition, the undersigned would find that Hobbs Act robbery still qualifies as a crime of violence under the force clause of 18 U.S.C. 924(c)(3)(A).

### E. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right."  This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* **537 U.S. 322, 336 (2003),** *quoting Slack v. McDaniel,* **529 U.S. 473, 484 (2000).**  *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

For the reasons explained above, the Court finds Grant's § 2255 waiver fully enforceable.  And if that waiver were disregarded, the undersigned would find Grant not entitled to § 2255 relief, because his Hobbs Act robbery conviction qualifies as a "crime of violence" under the force or elements clause of 18 U.S.C. § 924(c)(3)(A). Reasonable jurists would not find these conclusions debatable.  Because Grant has failed to make a substantial showing of the denial of a constitutional right, the Court **DECLINES to issue** a certificate of appealability.   The Clerk of Court shall send a copy of this Order directly to Petitioner Grant.

IT IS SO ORDERED.

DATED January 11, 2017.

s/ **Michael J. Reagan**
Michael J. Reagan
United States District Judge